IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LUIS RAUL CAMACHO, §
TDCJ No. 1392365, §
    Petitioner, §
     §
     §
v. §     EP-11-CV-338-PRM
     §
RICK THALER, Director, Texas Dep't §
of Criminal Justice, Corr. Inst. Div., §
    Respondent. §

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Luis Raul Camacho's ("Camacho") second *pro se* petition for a writ of habeas corpus by a person in State custody pursuant to 28 U.S.C. § 2254 [ECF No. 1-1]. Therein, Camacho challenges Respondent Rick Thaler's custody of him based on a twenty-year term of imprisonment imposed by a Texas state court after his conviction for attempted aggravated kidnapping.[1] The Court dismissed Camacho's first § 2254 petition, which challenged the same conviction, after it concluded that Camacho's claims were barred by the statute of limitations.[2] For the reasons discussed below, the Court will dismiss Camacho's second petition for lack of jurisdiction. Additionally, the Court will *sua sponte* deny Camacho a certificate of appealability.

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA")[3] in part to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims."[4] Thus, for

---

[1] *See State v. Camacho*, No. 20040D02278 (41st Dist. Ct., El Paso Cnty., Tex. Mar. 16, 2006), aff'd, *Camcho v. State*, No. 08-06-00090-CR, 2008 WL 882640 (Tex. App.—El Paso Apr. 3, 2008, no pet.).

[2] *Camacho v. Thaler*, EP-10-CV-394-DB (W.D. Tex. Apr. 29, 2011).

[3] Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).

[4] *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999).

example, the AEDPA requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless "the claim relies on a new rule of constitutional law . . . or . . . the factual predicate . . . could not have been discovered previously through the exercise of due diligence."[5] Further, it bars a district court from considering a second or successive application unless the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider the application."[6]

"Although Congress did not define the phrase 'second or successive,' . . . the phrase does not simply 'refe[r] to all section 2254 applications filed second or successively in time."[7] The Supreme Court has created exceptions for successive applications when the petitioner raises a claim (1) that would have been unripe had it been presented in his first application,[8] (2) that was premised on a newly ripened claim that was dismissed from his first application as premature,[9] or

---

[5] 28 U.S.C.A. § 2244(b)(2) (West 2011).

[6] *Id.* § 2244(b)(3)(A); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (explaining that 28 U.S.C. § 2244(b)(3)(A) acts as a jurisdictional bar to a district court asserting jurisdiction over any successive habeas petition until a court of appeals grants the petitioner permission to file one); *Hooker v. Sivley*, 187 F.3d 680, 681–82 (5th Cir. 1999) ("[T]he district court lacked jurisdiction to construe Hooker's petition as a § 2255 motion because he had not received prior authorization from us to file a successive § 2255 motion.").

[7] *Magwood v. Patterson*, -- U.S. --, --, 130 S. Ct. 2788, 2796 (2010).

[8] *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar. There are, however, exceptions. We are hesitant to construe a statute, implemented to further the principles of comity, finality, and federalism, in a manner that would require unripe (and, often, factually unsupported) claims to be raised as a mere formality, to the benefit of no party.").

[9] *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–44 (1998) ("There was only one application for habeas relief, and the District Court ruled (or should have ruled) on each claim at the time it became ripe. Respondent was entitled to an adjudication of all of the claims presented in his earlier, undoubtedly reviewable, application for federal habeas relief. The Court of Appeals was therefore correct in holding that respondent was not required to get authorization to file a 'second or successive' application before his . . . claim could be heard.").

(3) that was dismissed by the district court for lack of exhaustion.[10] An application is clearly second or successive, however, when it (1) raises a claim "that was or could have been raised in an earlier petition," or (2) "otherwise constitutes an abuse of the writ."[11]

In his first petition, Camacho argued that police detectives and prosecutors obtained his conviction through unconstitutionally suggestive identification procedures. In his second petition, Camacho claims that his appellate counsel provided constitutionally ineffective assistance. In support of this claim, Camacho contends that the Texas Eighth Court of Appeals "blasted" his attorney.[12] While the Court agrees that the appellate court criticized his counsel's performance,[13] the Court notes that Camacho's instant claim was ripe well before he filed his first petition. Moreover, the Court dismissed his first petition with prejudice because it was time-barred, not because he failed to exhaust his claim in state court. Accordingly, the Court concludes that Camacho's application is a second or successive petition. Because Camacho has not shown the requisite authorization from the Court of Appeals for the Fifth Circuit, the Court also concludes that it lacks jurisdiction to hear his claims.[14] The Court must therefore dismiss

---

[10] *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("[A] habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition as that term is understood in the habeas corpus context.").

[11] *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). *See also Graham v. Johnson*, 168 F.3d 762, 774 n.7 (5th Cir. 1999) ("Under current law, however, it is clear that an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised.").

[12] Pet'r's Pet. 7.

[13] *See Camcho*, 2008 WL 882640, at *4 ("In order to properly brief a challenge to the sufficiency of the evidence, the brief must have a summary of the testimony or other evidence relevant to the element of the offense that is challenged, accompanied by appropriate citations to authorities and to the record. *See Gallegos v. State*, 76 S.W.3d 224, 228 (Tex. App.—Dallas 2002, pet. ref'd). Here, the argument portion of the issue consists of several paragraphs which explicate the standard of review for factual sufficiency. The evidence is not discussed, there are no citations to the record, and no argument is stated pointing out how the evidence is insufficient or what element of the offense is deemed as insufficiently proven. This issue is insufficiently briefed and presents nothing for review.").

[14] *Key*, 205 F.3d at 774; *Hooker*, 187 F.3d at 681–82.

Camacho's petition without prejudice to re-filing should he obtain proper approval from the Fifth Circuit. The Court will additionally deny Camacho a certificate of appealability.

The AEDPA requires a certificate of appealability before an appeal may proceed in this matter.[15] "This is a jurisdictional prerequisite because the statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.'"[16]

A justice or judge will not issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right."[17] This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[18] Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[19] On the other hand, when the Court denies relief based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."[20]

---

[15] 28 U.S.C.A. § 2253 (West 2011); *see Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that appeals of causes initiated under either 28 U.S.C. §§ 2254 or 2255 require a certificate of appealability).

[16] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

[17] 28 U.S.C.A. § 2253(c)(2).

[18] *Slack*, 529 U.S. at 483–84 (2000) (internal quotations and citations omitted).

[19] *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).

[20] *Beasley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484).

A district court may deny a certificate of appealability *sua sponte* without requiring further briefing or argument.[21] After considering Camacho's pleadings and the entire record, the Court concludes that reasonable jurists would not find the Court's procedural ruling debatable. Therefore, the Court will not issue a certificate of appealability from its decision.

Accordingly, for the reasons discussed above, the Court enters the following orders:

1. The Court **DISMISSES WITHOUT PREJUDICE** Petitioner Luis Raul Camacho's *pro se* petition for a writ of habeas corpus by a person in State custody pursuant to 28 U.S.C. § 2254 [ECF No. 1-1] for lack of jurisdiction.

2. Further, the Court **DENIES** Petitioner Luis Raul Camacho a **CERTIFICATE OF APPEALABILITY**.

3. Finally, the Court **DISMISSES AS MOOT** all pending motions in this cause, if any.

**SO ORDERED.**

SIGNED this 23 day of **August, 2011.**

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[21] *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).